KTF:AFM/CWE/ANR
F. #2021R01001

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\* AUGUST 09, 2023 \*
BROOKLYN OFFICE
22-CR-585(S-1)(NRM)
Judge Nina R. Morrison
Magistrate Judge Cheryl L. Pollak

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ANTON NAPOLSKY,
   also known as "Anton Napolskiy," and
VALERIIA ERMAKOVA,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 22-525 (S-1) (NRM)
(T. 17, U.S.C., § 506(a)(1)(A); T. 18,
U.S.C., §§ 981(a)(1)(C), 982(a)(1),
982(b)(1), 1343, 1349, 1956(h),
2319(b)(1), 2323(b)(1), 2323(b)(2), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Criminal Copyright)

      1.    In or about and between January 2018 and November 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTON NAPOLSKY, also known as "Anton Napolskiy," and VALERIIA ERMAKOVA, together with others, did knowingly and willfully infringe a copyright for purposes of commercial advantage and private financial gain, which offense involved the reproduction and distribution, including by electronic means, during a 180-day period of ten or more copies of one or more copyrighted works having a total retail value of more than $2,500.

      (Title 17, United States Code, Section 506(a)(1)(A); Title 18, United States Code, Sections 2319(b)(1), 2 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Wire Fraud)

2.      In or about and between January 2018 and November 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTON NAPOLSKY, also known as "Anton Napolskiy," and VALERIIA ERMAKOVA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud authors, publishers and customers, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT THREE
(Wire Fraud)

3.      On or about the date set forth below, within the District of New Jersey, the defendants ANTON NAPOLSKY, also known as "Anton Napolskiy," and VALERIIA ERMAKOVA, together with others, did knowingly and intentionally devise a scheme and artifice to defraud authors, publishers and customers, and to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises.

4.      For the purpose of executing such scheme and artifice, the defendants ANTON NAPOLSKY, also known as "Anton Napolskiy," and VALERIIA ERMAKOVA, together with others, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds as described below:

| COUNT | APPROXIMATE DATE | WIRE COMMUNICATION |
|---|---|---|
| THREE | July 4, 2021 | An email sent from a Z-Library account using an email server located outside the United States to a copyright owner within the District of New Jersey. |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT FOUR
(Wire Fraud)

5. On or about the date set forth below, within the Northern District of California, the defendants ANTON NAPOLSKY, also known as "Anton Napolskiy," and VALERIIA ERMAKOVA, together with others, did knowingly and intentionally devise a scheme and artifice to defraud authors, publishers and customers, and to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises.

6. For the purpose of executing such scheme and artifice, the defendants ANTON NAPOLSKY, also known as "Anton Napolskiy," and VALERIIA ERMAKOVA, together with others, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds as described below:

| COUNT | APPROXIMATE DATE | WIRE COMMUNICATION |
|---|---|---|
| FOUR | July 17, 2021 | An email sent from a Z-Library account using an email server located outside the United States to a copyright owner within the Northern District of California. |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT FIVE
(Money Laundering Conspiracy)

7. In or about and between January 2018 and November 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

4

defendants ANTON NAPOLSKY, also known as "Anton Napolskiy," and VALERIIA ERMAKOVA, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: deposits, withdrawals and transfers of funds and monetary instruments, which transactions in fact involved the proceeds of specified unlawful activity, to wit: criminal copyright, as alleged in Count One, in violation of Title 17, United States Code, Section 506(a)(1)(A), and wire fraud, as alleged in Counts Three and Four, in violation of Title 18, United States Code, Section 1343 (collectively, the "Specified Unlawful Activities"), knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, with intent to promote the carrying on of the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

8.  The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2323(b)(1), of (a) any article, the making or trafficking of which is prohibited under Title 17, United States Code, Section 506; Title 18, United States Code, Sections 2318, 2319, 2319A, 2319B or 2320; or chapter 90 of Title 18 of the United States Code; (b) any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such offense; or (c) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offense.

9.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

5

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b)(2), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2323(b)(1) and 2323(b)(2); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS TWO THROUGH FOUR

10. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts Two through Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

6

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FIVE

12.    The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

13.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

7

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

By CPukom, Assist. US Atty
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2021R01001
FORM DBD-34
JUN. 85

No. 22-CR-525 (S-1)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ANTON NAPOLSKY, ALSO KNOWN AS "ANTON NAPOLSKIY,"
AND VALERIIA ERMAKOVA,

                                                                                                       Defendants.

## INDICTMENT

(T. 17, U.S.C., § 506(a)(1)(A); T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1),
982(b)(1), 1343, 1349, 1956(h), 2319(b)(1), 2323(b)(1), 2323(b)(2), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                                          *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                             *Clerk*

*Bail, $* _____

*Alexander F. Mindlin, Kaitlin T. Farrell, Chand Edwards-Balfour and
Antoinette N. Rangel, Assistant U.S. Attorneys, (718) 254-7000*